

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2002

# Bd Ed Twp Branchburg v. Livingston

Precedential or Non-Precedential: Precedential

Docket No. 01-3151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bd Ed Twp Branchburg v. Livingston" (2002). *2002 Decisions*. Paper 790.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/790

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 4, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3151

BOARD OF EDUCATION OF THE TOWNSHIP OF
BRANCHBURG; GREGORY SCOTT; GERALDINE
FELDMAN; PATRICIA BOWERS; ROBERT J. FULTON, JR.,
BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 98-cv-05557)

BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 99-cv-00822)

> Board of Education of the Township of Branchburg;
> Gregory Scott; Geraldine Feldman; Patricia Bowers;
> Robert J. Fulton, Jr.,
> Appellants

(*Amended Pursuant to F.R.A.P 43(c))

Nos. 01-3152 and 01-3153

BOARD OF EDUCATION OF THE TOWNSHIP OF
BRANCHBURG; GREGORY SCOTT; GERALDINE
FELDMAN; PATRICIA BOWERS; ROBERT J. FULTON, JR.,
BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 98-cv-05557)

BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 99-cv-00822)

David Livingston; William L. Librera*,
        Appellants

(*Amended Pursuant to F.R.A.P 43(c))

No. 01-3217

BOARD OF EDUCATION OF THE TOWNSHIP OF
BRANCHBURG; GREGORY SCOTT; GERALDINE
FELDMAN; PATRICIA BOWERS; ROBERT J. FULTON, JR.,
BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

2

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 98-cv-05557)

BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 99-cv-00822)

The Board of Education of the Borough of Somerville,
        Appellant

(*Amended Pursuant to F.R.A.P 43(c))

No. 01-3334

BOARD OF EDUCATION OF THE TOWNSHIP OF
BRANCHBURG; GREGORY SCOTT; GERALDINE
FELDMAN; PATRICIA BOWERS; ROBERT J. FULTON, JR.,
BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 98-cv-05557)

3

BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 99-cv-00822)

Beth Kovacs; Christine Ihling; Steven Jankoski,
        Appellants

(*Amended Pursuant to F.R.A.P 43(c))

No. 01-3413

BOARD OF EDUCATION OF THE TOWNSHIP OF
BRANCHBURG; GREGORY SCOTT; GERALDINE
FELDMAN; PATRICIA BOWERS; ROBERT J. FULTON, JR.,
BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 98-cv-05557)

BETH KOVACS; CHRISTINE IHLING; STEVEN JANKOSKI

v.

DAVID LIVINGSTON, Somerset County Superintendent;
WILLIAM L. LIBRERA*, State Commissioner of Education;
THE BOARD OF EDUCATION OF THE BOROUGH OF
SOMERVILLE, A Body Politic of the State of New Jersey

(D.C. No. 99-cv-00822)

4

The Board of Education of the Borough of Somerville,
        Appellant

(*Amended Pursuant to F.R.A.P 43(c))

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Nos. 98-cv-05557 and 99-cv-00822)
District Judge: Hon. Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
July 25, 2002

Before: SLOVITER, NYGAARD, and BARRY,
Circuit Judges

(Filed: December 4, 2002)

Gerald A. Liloia
James S. Rothschild, Jr.
Lance J. Kalik
Riker, Danzig, Scherer, Hyland &
 Perretti
Morristown, N.J. 07962

 Attorneys for Appellants,
Board of Education of the
Township of Branchburg, Gregory
Scott, Geraldine Feldman, Patricia
Bowers, and Robert J. Fulton, Jr.

Kevin P. Kovacs
Rita Barone
Purcell, Ries, Shannon, Mulcahy &
 O'Neill
Bedminster, N.J. 07921

 Attorneys for Appellees,
Beth Kovacs, Christine Ihling and
Steven Jankoski

Michael J. Rogers
McDonald, Rogers & Rizzolo
Somerville, N.J. 08876

Raymond W. Fisher
Schwartz, Simon, Edelstein, Celso &
 Kessler
Florham Park, N.J. 07932

 Attorney for Appellee
Board of Education of the Borough
of Somerville

David Samson
 Attorney General of New Jersey
Nancy Kaplen
 Assistant Attorney General
Howard J. McCoach
Sarah G. Crowley
 Office of the Attorney General of

New Jersey
Trenton, N.J. 08625

Attorneys for Appellees,
William L. Librera, State
Commissioner Department of
Education, David Livingston,
Somerset County Superintendent

OPINION OF THE COURT

SLOVITER, Circuit Judge.

In English v. Board of Education of Boonton, 301 F.3d 69, 81 (3d Cir. 2002), this court held that the New Jersey statute providing for no more than one representative of a sending school district to participate on the receiving district's board of education did not violate the one person, one vote constitutional requirement. The issue this case presents is whether English applies when the sending school district cannot withdraw from its send-receive relationship.

I.

The Township of Branchburg School District and the Borough of Somerville School District, nearby towns in New Jersey, entered into a "send-receive" relationship in 1956 for the education of Branchburg high school students, a relationship authorized and governed by New Jersey statute. See N.J. Stat. Ann. S 18A:38-8 (West 1999). Under New Jersey law, each school district has an obligation to educate the students in its district from K through 12 at its own expense. See id. S 18A:38-1 (Attendance at school free of charge). The send-receive relationship enables Branchburg to fulfill its statutory obligation to educate its high school students by sending them to Somerville High School and paying the Somerville School District tuition that reflects the "actual cost" of educating the students. See id. S 18A:38-19. However, under New Jersey law, Branchburg residents are entitled to the representation of only one member on the ten-member Somerville Board of Education ("Somerville Board"), despite the fact that Branchburg students comprise more than half of the enrollment at Somerville High School. See id. S 18A:38-8.2.

The Board of Education of the Township of Branchburg and four Branchburg residents ("Branchburg Appellants") brought this action in the District Court for the District of New Jersey claiming that N.J. Stat. Ann. S 18A:38-8.2 violates the "one person, one vote" principle of the Equal Protection Clause of the Fourteenth Amendment. U.S. Const. amend. XIV, S 1. The District Court granted the Branchburg plaintiffs' motion for summary judgment and denied summary judgment requested by the defendants, the Somerville Board, the State Commissioner of Education, and the Somerset County Superintendent, holding that the

send-receive statute was unconstitutional as applied to Branchburg. App. at Pa14 (Bd. of Educ. of Branchburg v. Livingston, No. 98-5557 (D.N.J. Sept. 5, 2000)). The District Court ordered an interim remedial plan that increased the size of the Somerville Board to 15 members and increased Branchburg's representation on that Board to six members, out of the 15, with the right to vote on issues affecting Branchburg high school students. App. at Pa17-29 (Bd. of Educ. of Branchburg v. Livingston, No. 98-5557 (D.N.J. May

22, 2000)). The interim plan was to remain in effect until the New Jersey state legislature passed new legislation to address the matter. Id.

The Branchburg Appellants seek appellate review of the District Court's orders dated May 22, 2001 and July 2, 2001 limiting interim relief to the addition of six members to the Somerville Board. The Somerville Appellees cross appeal the District Court's orders dated September 5, 2000, May 22, 2001, and July 2, 2001 granting Branchburg summary judgment and instituting the interim remedial plan.1

II.

FACTS AND PROCEDURAL BACKGROUND

Much of the material that follows is set forth in English but is included here to provide background for our ultimate holding.

The New Jersey public school system is organized in geographical units called school districts. Under New Jersey

_____

1. The parties have filed notices of appeal from various orders of the District Court. In No. 01-3151, the Branchburg plaintiffs appeal the District Court's order dated May 22, 2001, creating the interim plan for increasing Branchburg representation on the Somerville Board to six members and the July 2, 2001 order denying reconsideration of the interim plan.

In No. 01-3152, the Somerville defendants appeal the same two orders. In No. 01-3153, the Somerville defendants cross appeal from the District Court's order of September 5, 2000, granting summary judgment for the plaintiffs holding the New Jersey Statute unconstitutional, and also include in their notice appeals from the May 22, 2001 and July 2, 2001 orders. In No. 01-3217, the Somerville Board of Education cross appeals from the same orders as in No. 01-3153.

In No. 01-3334, Beth Kovacs, Christine Ihling and Steven Jankoski (hereafter "Kovacs Plaintiffs") appeal the District Court's July 23, 2001 order denying their summary judgment motion for an interim remedy for voters' rights in Somerville school budget and bond elections.

In No. 01-3413, the Somerville Board cross appeals the District Court's orders dated September 5, 2000 and July 23, 2001.

law, a school district that chooses not to develop high school facilities must designate a high school outside the district to receive its high school students. N.J. Stat. Ann. S 18A:38-11. Correspondingly, a school district may receive students from outside its district. Id.S 18A:38-8. An agreement between two school districts whereby one district sends its high school students to attend a school in another district is commonly called a "send-receive" relationship.

Once two communities establish a send-receive relationship, the sending district becomes entitled to one representative on the receiving district's school board if its students comprise at least 10 percent of the total enrollment, in the applicable grades, of the receiving school. Id. S 18A:38-8.2a.(2).2 If the students from the sending district comprise less than 10 percent of the receiving school's total enrollment, the sending district is not entitled to any representation on the receiving district's school board. Id. S 18A:38-8.2a.(1). Conversely, even if the students from the sending district greatly exceed 10 percent of the receiving school's enrollment, the sending district is limited to a maximum of one representative on the receiving district's school board.

The Branchburg and Somerville school districts are non-contiguous communities in Somerset County, New Jersey. In 1956, they entered into a send-receive relationship. The agreement allowed Branchburg high school students to

_____

2. A school district which is sending pupils to another school district pursuant to N.J.S. 18A:38-8 shall have representation on the board of education of the receiving school district as follows:

a.(1) If the pupils of the sending district comprise less than 10 percent of the total enrollment of the pupils in the grades of the receiving district in which the pupils of the sending district will be enrolled, the sending district shall have no representation on the receiving district board of education.

(2) If the pupils of the sending district comprise at least 10 percent of the total enrollment of the pupils in the grades of the receiving district in which the pupils of the sending district will be enrolled, the sending district shall have one representative on the receiving district board of education.

Id. S 18A:38-8.2 (emphasis added).

attend Somerville High School in return for tuition payments from the Branchburg district to cover the costs of the students' education. When the agreement was made it fit the needs of both communities because Branchburg lacked high school facilities and Somerville had excess

capacity in its school facilities.

Since the formation of the send-receive relationship, Branchburg's population has grown substantially. Based on the 2000 federal census, Branchburg's population of 14,566 residents now exceeds Somerville's population of 12,423 residents. Consequently, the students from the Branchburg district attending Somerville High School comprise approximately 53 percent of the High School's enrollment. For the 1999-2000 school year, 428 Branchburg students attended Somerville High School compared to 377 Somerville students. At the time the District Court heard evidence, residents of the Branchburg district were projected to pay $4,872,846 dollars in property taxes to the Somerville Board to cover the education costs for Branchburg students during the 2000-2001 school year.

Despite the fact that Branchburg students comprise a majority of the enrollment at Somerville High School, under the New Jersey statute Branchburg may only appoint one representative to the ten-member Somerville Board. See N.J. Stat. Ann. S 18A:38-8.2a.(2). The Branchburg representative is entitled to vote on certain issues involving the High School, including capital spending and teacher dismissals.3 The votes of each member of the Somerville Board are weighted equally.

---

3. N.J. Stat. Ann. S 18A:38-8.1 states that a sending district's representative is eligible to vote on the following:

a. Tuition to be charged the sending district by the receiving district and the bill lists or contracts for the purchase, operation or maintenance of facilities, equipment and instructional materials to be used in the education of the pupils of the sending district;

b. New capital construction to be utilized by sending district pupils;

c. Appointment, transfer or removal of teaching staff members providing services to pupils of the sending district, including any teaching staff member who is a member of the receiving district's central administrative staff; and

d. Addition or deletion of curricular and extracurricular programs involving pupils of the sending district.

10

Beginning in 1970, the Branchburg and Somerville districts initiated discussions to terminate the relationship. There are three methods for severing a send-receive relationship in New Jersey, and Branchburg has tried all three, unsuccessfully. First, in September 1975, the Branchburg Board filed a petition with the State Commissioner of Education to withdraw from its send-receive relationship with Somerville. Under N.J. Stat. Ann. S 18A:38-13, the Commissioner may approve a petition for severance only if "no substantial negative impact will result

therefrom." The Commissioner denied Branchburg's petition, finding that severance of the send-receive relationship would have, among other things, negative financial implications for the two districts involved. The Commissioner's decision was affirmed by both the New Jersey State Board of Education and the New Jersey Superior Court, Appellate Division. Bd. of Educ. of Branchburg Twp. v. Bd. of Educ. of Somerville, 414 A.2d 259, 263 (N.J. Super. App. Div. 1980). The court held that the agency's factual determinations, that severance would negatively impact the districts by creating a "virtually all-white school" in Branchburg and increasing the educational costs of both districts, were amply supported by the record. Id. at 262-63.

The remaining two options available for terminating a send-receive relationship require the creation of either an "all purpose" regional school district or a "limited purpose" regional school district under N.J. Stat. Ann. S 18A:13-2. The formation of a regional school district likely would improve Branchburg's representation by creating a new school board. See Bd. of Educ. of Englewood Cliffs v. Bd. of Educ. of Englewood, 608 A.2d 914, 948 (N.J. Super. App. Div. 1992) ("Regionalization, on the other hand, involves the formation of an entirely new school district governed by a separate board of education.").

In 1996, Branchburg and Somerville conducted a feasibility study for an "all purpose" regional school district. The experts retained for the study concluded that the disadvantages of a regional school outweighed the advantages. Similarly, in 1999, Branchburg, this time at the direction of an order by the District Court, conducted a

feasibility study for a "limited purpose" 9-12 regional school district. App. at Pa67-69 (Bd. of Educ. of Branchburg v. Livingston, No. 98-5557 (D.N.J. April 9, 1999); Bd. of Educ. of Branchburg v. Livingston, No. 98-5557 (D.N.J. May 4, 1999)). Again, the experts recommended against the development of a regional school district. Thus, both parties agree that Branchburg cannot withdraw from the send-receive relationship in the foreseeable future.

The Branchburg Board of Education and four individual residents of Branchburg brought suit in the United States District Court for the District of New Jersey against the Somerville School Board, the State Commissioner of Education, and the Somerset County Superintendent. The Branchburg Appellants alleged that N.J. Stat. Ann. S 18A:38-8.2 was unconstitutional as applied to Branchburg because it violated the "one person, one vote" principle of the Fourteenth Amendment of the United States Constitution, by denying Branchburg proportional representation on the Somerville Board. Similarly, Beth Kovacs, Christine Ihling, and Steven Jankoski (hereafter "Kovacs Plaintiffs") brought suit in the same District Court alleging that the New Jersey statute in question violated

their Fourteenth Amendment rights by denying Branchburg residents the right to vote along with Somerville residents in Somerville school budget and referenda elections.

The parties filed cross motions for summary judgment, and the District Court granted summary judgment to the Branchburg plaintiffs. App. at Pa10-16 (Bd. of Educ. of Branchburg v. Livingston, No. 98-5557 (D.N.J. Sept. 5, 2000)). The Court held that N.J. Stat. Ann. S 18A:38-8.2 was unconstitutional as applied "because it denies Branchburg citizens the right to elect representatives to oversee the high school education of their children in contravention of the 'one person, one vote' principle." Id. at Pa14. The District Court ordered an interim remedy that increased Branchburg's representation on the Somerville Board to six members, out of a total of 15 members, and granted the new members an equal vote on issues affecting Branchburg high school students. App. at Pa17-18 (Bd. of Educ. of Branchburg v. Livingston, No. 98-5557 (D.N.J. May 22, 2000)). The Branchburg Appellants have appealed the

12

District Court's interim remedy, and the Somerville defendants have cross appealed both the District Court's holding that N.J. Stat. Ann. S 18A:38-8.2 is unconstitutional and the Court's interim remedy.

III.

DISCUSSION

A. Jurisdiction and Standard of Review

We have appellate jurisdiction pursuant to 28 U.S.C. S 1291 to review a district court's final judgment.4 Our review of a district court's grant of summary judgment is plenary, applying the same standard used by the district court. English, 301 F.3d at 75-76. A grant of summary judgment will be upheld if "there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." English, 301 F.3d at 76 (citations omitted); see Fed. R. Civ. P. 56(c).

B. The Effect of the English De cision

We used a two-step analysis in English to determine whether N.J. Stat. Ann. S 18A:38-8.2 violates the Equal Protection Clause. First, we considered whether we should review the statute under strict scrutiny or rational basis review. We concluded that rational basis review of the limitation of representation on the receiving district's board was appropriate because the receiving district was not exercising the same governmental powers over the sending district as it does over its own residents. English, 301 F.3d at 77-79. Second, we analyzed whether New Jersey had a rational basis for granting sending districts no more than

4. Our jurisdiction is limited to review of the District Court's grant of summary judgment to the Branchburg plaintiffs and the Court's interim remedy. The Notice of Appeal of the Kovacs Plaintiffs from the District Court's order of July 23, 2001 denying their motion for summary judgment for more extensive interim relief is not appealable and will be dismissed. However, their position (presented to the District Court) is considered in the text in conjunction with the appeals properly before us.

13

one representative on the receiving district's school board. We concluded that the New Jersey legislature has legitimate reasons for limiting the representation of sending districts in the decisions of the receiving district's Board. Id. at 82–83.

The facts in English are nearly identical to the facts in the present case. In both cases, the district sending its students to the receiving school made up more than 50 percent of the school's enrollment but, due to New Jersey law, the sending district is limited to one representative on the receiving district's school board. Branchburg does not allege that the Somerville Board exerts any powers beyond those at issue in English.

Due to the extensive similarities with English , Branchburg is limited to two grounds for distinguishing its case. First, Branchburg, the sending district, unlike the sending district in English, has already attempted several times to sever the send-receive agreement and its efforts have been rejected. Consequently, Branchburg argues that there is not a rational basis for limiting its representation on the Somerville Board because its relationship with Somerville High School is permanent and Branchburg residents share a long-term interest in the school equivalent to the interests of Somerville residents.

Second, the Kovacs Plaintiffs argue that the remedy they seek is unique and was not presented in English . They argue that they are not only seeking additional representation on the Somerville Board, but also the right to vote on the annual Somerville High School budget and any referenda affecting the High School.

C. Effect of Branchburg's Inability to Sever the Send-Receive Relationship

Branchburg argues that the rational basis standard of review applied in English is inapplicable here because it has been unable, and will continue to be unable for the foreseeable future, to sever its relationship with Somerville. It also argues that the conclusion reached in English that the New Jersey statute has a rational basis should not govern this case for the same reason. We reject both arguments.

14

In English, we acknowledged that the denial of an equal voice in elections generally is reviewed under strict scrutiny. 301 F.3d at 76. We noted, however, that the Supreme Court has identified exceptions to that standard of review, including "geography-based restrictions on the franchise . . . when a municipality exercises 'extraterritorial' powers over individuals outside its boundaries[.]" Id. at 72 (citing Holt Civic Club v. City of Tuscaloosa , 439 U.S. 60, 69 (1978)). Such voting restrictions on non-residents, even if the actions by the elected body inevitably affect non-residents, only receive rational basis review. Id. at 72, 77 (citing Holt, 439 U.S. at 68-70).

The Supreme Court in Holt cautioned that there may be limits on the ability to restrict the franchise of non-residents if the city has "annexed outlying territory in all but name." 439 U.S. at 72 n.8 (citing Little Thunder v. South Dakota, 518 F.2d 1253 (8th Cir. 1975)). We have interpreted Holt:

> as meaning that strict scrutiny will be applied to the exclusion of non-residents from the elections of a particular governmental entity only when that unit of government exercises a level of control over the non-residents' lives close to or equal to that which it exercises over those who actually reside within its borders.

English, 301 F.3d at 79.

In English, we concluded that the Boonton School Board, the receiving district, does not exercise " 'precisely the same governmental powers over residents of [Lincoln Park (sending district)] as it does over those residing within its [district's] limits.' " 301 F.3d at 79 (quoting Holt, 439 U.S. at 72 n.8). Rather, the Boonton Board exercised control over all school matters K-12 for Boonton residents, but only affected Lincoln Park residents on matters involving the high school. Furthermore, the Lincoln Park Board maintained exclusive control over the education of its children from K-8. English, 301 F.3d at 79.

The same arrangement applies to the present case. The Somerville Board only exercises authority over Branchburg residents, including the Kovacs Plaintiffs, with regard to the

15

Somerville High School. Branchburg is free to control the education of its children from K-8, and the reach of Somerville's powers over Branchburg is limited exclusively to the High School. As in English, this is not a situation where the powers of Somerville are co-extensive with regard to both Somerville and Branchburg residents. Consequently, as in English, we will evaluate the constitutionality of the send-receive statute as applied to Branchburg under rational basis review.

The above analysis is also dispositive of the merits. Our holding in English that a state may limit the representation of non-residents on the receiving school board as long as the receiving board exercises a lesser level of control over the non-residents compared to residents, English , 301 F.3d at 79, is fully applicable here. The fact that Branchburg cannot sever its relationship with Somerville does not alter our analysis. Whether or not a severance is possible, Somerville still exercises extraterritorial powers over Branchburg "only with respect to their high school-aged children." Id. That reasoning was the essence of the rejection in English of the constitutional challenge based on the one person, one vote principle. Branchburg's inability to sever the relationship does not affect the limited nature of Somerville's extraterritorial powers.

Branchburg argues that the impossibility of severance is important for determining whether the New Jersey legislature had a rational basis for limiting sending districts' representation on receiving districts' school boards. Appellants point to our language in English where, after concluding that "New Jersey has legitimate reasons for limiting the representation of [the sending district]," we added, "there is always the possibility that[the sending district] might sever its relationship [with the receiving district]." English, 301 F.3d at 80. Based on this language, Branchburg argues that its inability to sever the relationship distinguishes it from English because the resulting permanence of its relationship with Somerville gives Branchburg residents the same vested long-term interest in the Somerville High School as Somerville residents.

16

It is evident from reading the English opinion that our statement about the possibility of severance was not the necessary predicate of the ultimate holding. There were two references to the possibility of severance in the English opinion, but both were in the context of the legislature's legitimate reasons for limiting the sending district's representation on the receiving district's school board. See English, 301 F.3d at 80, 82. However, the possibility of severance was not the only legitimate basis cited for the statute's structure. Rather, we also noted that a school board's broad authority over the entire school district, authority that goes well beyond matters affecting the high school, warranted the limited representation of a sending district. Id. at 80, 82. We stated, "we do not consider it irrational for New Jersey to limit the power of the sending district's representative so as to preserve the receiving district's control over matters that affect the school district as a whole." Id. at 82. We went on to state that although the statute may not create the optimal system from a " 'political science standpoint,' " New Jersey is only required to have a legitimate and rational basis for its legislation. Id. at 82-83 (quoting Holt, 439 U.S. at 73). Thus, there are other legitimate and rational justifications for limiting a

sending district's representation on a receiving district's school board.

Our conclusion here that the possibility of severance does not counsel a different result than in English  is consistent with the holdings in both Holt and Little Thunder. In Holt, Tuscaloosa exerted its police and sanitary regulations and business licensing requirements over Holt, a small town, located beyond Tuscaloosa's city limits. 439 U.S. at 61-62. There was no indication that Tuscaloosa's powers were limited in time or that Holt could take action to escape from Tuscaloosa's extraterritorial powers. However, despite the seemingly permanent nature of Holt's situation, the Supreme Court held that it did not violate the one person, one vote principle of the Fourteenth Amendment. Id. at 68-70.

Conversely, in Little Thunder, under state law an unorganized county was made subject to the powers of an "attached" organized county. 518 F.2d at 1254. Although

17

the unorganized county could petition the state for recognition as an "organized" county and escape the attached county's authority, the Court of Appeals for the Eighth Circuit held that the statute violated the Fourteenth Amendment. Id. at 1258. As long as a governmental unit was exerting power over non-residents that was different from the authority that it had over its own residents, the limitation of representation did not offend one person, one vote. Thus, as in English, the temporary or permanent nature of the authority exerted over non-residents was not a deciding factor.

D. The Kovacs Plaintiffs

The Kovacs Plaintiffs explain that while the Branchburg Appellants seek proportional representation, they are seeking the right to vote on Somerville High School budgets and referenda affecting the High School. They state that because this relief was not sought in English , where the relief sought was limited to additional representation on the school board, their case is not governed by English. This is not persuasive. They fail to provide any legal or logical justification why the type of representation sought should affect our conclusion that the New Jersey send-receive statute does not offend the one person, one vote principle.

The fact that the Kovacs Plaintiffs are seeking the franchise for Somerville school budget and referenda votes does not distinguish it from the analysis in English. Indeed, the relief they seek is in some respects greater than that sought by the Branchburg Appellants and in English. When Somerville residents vote on the budget and referenda, their vote affects much more than just the High School. The annual budget and referenda, by their nature, usually involve comprehensive and long-term planning that goes far beyond merely the functioning of the High School. For

example, any referendum may have an impact on Somerville's entire educational plan and infrastructure, while it would not have an effect on Branchburg's K-8 educational system. Moreover, the inclusion of Branchburg residents in Somerville's regular votes on school budgets and referenda would be an even greater intrusion than increased representation on the Somerville Board. Somerville residents, through budget and referenda votes,

18

do not exercise " 'precisely the same governmental powers' " over Branchburg residents as they do over themselves. English, 301 F.3d at 79 (quoting Holt, 439 U.S. at 72 n.8). It follows that the constitutional objection by the Kovacs Plaintiffs to the New Jersey statute must also be rejected for the reasons set forth above.

IV.

CONCLUSION

For the reasons set forth above, we will reverse the District Court's grant of summary judgment to plaintiffs and remand to the District Court with directions to grant summary judgment for the defendants.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

19